<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BESSIE MCKNIGHT,**<br><br>     Plaintiff,<br><br>v.<br><br>**HOME DEPOT U.S.A., INC.,**<br><br>     Defendant. | **Civil Action No. 23-23127 (ES) (JSA)**<br><br><br>**REPORT AND RECOMMENDATION** |

<u>**JESSICA S. ALLEN, U.S.M.J.**</u>

Before the Court is the motion of Plaintiff, Bessie McKnight ("Plaintiff"), to remand this case to state court. (ECF Nos. 6, 9). Defendant, Home Depot U.S.A., Inc. ("Home Depot"), opposes the motion. (ECF Nos. 7, 10). The Honorable Esther Salas, U.S.D.J. referred the motion to the undersigned for a Report and Recommendation. No oral argument was heard. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, and for good cause shown, it is respectfully recommended that Plaintiff's motion to remand be **DENIED**.

**I.     <u>RELEVANT BACKGROUND AND PROCEDURAL HISTORY</u>**

This personal injury action arises out of a trip and fall accident at a Home Depot store located in Newark, New Jersey. (Compl., ¶ 1; ECF No. 1-2). On September 5, 2023, Plaintiff filed a single-count complaint asserting negligence against Home Depot in the New Jersey Superior Court, Essex County. (*Id.*, ¶ 1). Plaintiff contends that, on September 9, 2023, she served Home Depot by delivering a copy of the Summons and Complaint to Kwesi Bagot ("Mr. Bagot"), a manager in the Home Depot store located in Newark. (*See* ECF No. 6 at 1). On November 10, 2023, default was entered against Home Depot. (*Id.*) On December 5, 2023, Home Depot filed an answer. (Notice of Removal "NOR" ¶ 2; ECF No. 1-1).

On December 15, 2023, Home Depot removed the case to this Court alleging federal diversity jurisdiction, which is present when the opposing parties are citizens of different states and there is more than $75,000 in dispute. *See Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1994). Home Depot asserts that Plaintiff is a citizen of the State of New Jersey. (NOR ¶ 6). Home Depot further asserts that it is a Georgia corporation with its principal place of business in Georgia, and thus is a citizen of the State of Georgia. (*Id.*). Additionally, Home Depot contends that it timely removed the action. (*Id.* at ¶ 4). According to Home Depot, it was not properly served with the Complaint and first learned of the case on or about November 28, 2023, when the Sedgwick Claims examiner received a copy of Plaintiff's request for the entry of default. (*Id.*)

On January 2, 2024, Plaintiff filed a letter seeking remand, arguing that Home Depot's removal was untimely, pursuant to 28 U.S.C. § 1446(b)(1), because removal occurred more than thirty (30) days after Home Depot was served on September 9, 2023. (ECF No. 6). Plaintiff requested leave to file a formal motion, should the Court require one. (*Id.* at 2).

On January 8, 2024, Home Depot submitted a response, contending that Plaintiff failed to properly serve the Complaint pursuant to New Jersey Court Rule 4:4-4. (ECF No. 7). Home Depot continued that its removal was timely because it was done within thirty days of November 28, 2023, the date Home Depot became aware of the case. (*Id.*)

On January 17, 2024, the Undersigned entered an Order, providing Plaintiff an opportunity to file a supplement to her remand application on or before January 24, 2024, and for Defendant to submit any supplemental response by January 31, 2024. (ECF No. 8). The parties so complied. (ECF Nos. 9-10).

The parties do not dispute that that they are citizens of different states and thus diverse.

Nor do they dispute that the amount in controversy requirement for diversity jurisdiction is satisfied. Rather, the issue to be decided is whether Home Depot's removal of the Complaint was timely pursuant to 28 U.S.C. § 1446(b)(1).

## II.  **LEGAL STANDARD**

The federal removal statute states that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To properly remove a case to federal court, a notice of removal must be filed in the federal court within thirty (30) days after receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). In interpreting this statute, the Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999). "Thus, the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." *DiLoreto v. Costigan*, 351 Fed. Appx. 747, 751 (3d Cir. 2009). Moreover, "[t]he party responsible for effecting service has the burden or demonstrating that service was proper." *Sharp v. Kean Univ.*, 153 F. Supp. 3d 669, 677 n.5 (D.N.J. 2015).

"In New Jersey, service on a foreign corporation may be effected in one of two ways: either (1) pursuant to [Federal Rule of Civil Procedure] 4(h)(1)(B) or (2) pursuant to New Jersey Court Rule 4:4-4(a)(6)." *Broschart v. Husqvarna AB*, 2021 WL 3269664, at *3 (D.N.J. July 30,

3

2021) (citing *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 602-603 (D.N.J. 2003)).

### III.  ANALYSIS

In support of remand, Plaintiff relies on New Jersey Court Rule 4:4-4, which provides, in relevant part, that a party can effectuate service on a corporation by personally serving a copy of the summons and complaint:

> on any officer, director, trustee, or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof . . . .

N.J. Ct. R. 4:4-4(a)(6).

Plaintiff contends that she effectuated proper service on Home Depot by personally serving the manager of the Home Depot Newark location with a copy of the Summons and Complaint. Home Depot contends that Plaintiff's attempted service was ineffective under relevant New Jersey case law, particularly the New Jersey Appellate Division's decision in *Jameson v. Great Atlantic and Pacific Tea Company*, 363 N.J. Super. 419 (App. Div. 2003). As is explained below, the Court finds Home Depot was not properly served. Accordingly, Home Depot's time to remove never began to run, and thus its removal was timely. *See DiLoreto*, 351 Fed. Appx. at 751.

In determining whether service of process generally is effective under Rule 4:4-4, *Jameson* is instructive. There, the Appellate Division vacated the entry of a default judgment, finding that the plaintiff could not properly serve a national supermarket, A&P, by delivering the summons and complaint to a cashier at a local market. *Id.* at 428-29. The *Jameson* court held that the recipient of service must be "sufficiently integrated with the corporation . . ." that "he [or

4

she] will know what to do with the papers and that he or she should stand in a position as to render it fair, reasonable, and just to imply the authority to receive service." *Id.* at 428. The Appellate Division noted, "[p]laintiff has the burden of showing that an alleged agent has specific authority, express or implied, for the receipt of process." *Id.* Moreover, the "mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to do so." *Id.*

Relying on *Jameson*, Home Depot contends that Mr. Bagot is a manager at a local store and is not a registered agent for the service of process. Home Depot adds that Mr. Bagot is not sufficiently integrated within Home Depot to have express or implied authority to accept service. (ECF No. 10 at 2-3). Plaintiff does not address *Jameson*.

However, other courts in this district have relied favorably on *Jameson's* analysis when considering whether service was proper. *See, e.g.*, *Young v. Chipotle Mexican Grill of Colorado, LLC*, 2023 WL 5155910, at *4-5 (D.N.J. July 14, 2023), *report and recommendation adopted by* 2023 WL 5153965 (D.N.J. Aug. 10. 2023); *Gentry v. Chubb*, 2022 WL 1082453, at *4 (D.N.J. Apr. 11, 2022); *Trustees of Teamsters Health & Welfare v. Moulton Ladder & Scaffolding, LLC*, 2022 WL 445622, at *2 (D.N.J. Feb. 14, 2022); *Broschart*, 2021 WL 3269664, at *3-4 (D.N.J. July 30, 2021); *Moses v. Home Depot*, 2017 WL 2784710, at *4 (D.N.J. June 27, 2017) (finding service on local Home Depot assistant manager ineffective under *Jameson*); *West v. America Honda Motor Corp.*, 2008 WL 4104683, at *5 (D.N.J. Aug. 28, 2008). *Young* is particularly applicable here.

In *Young*, the plaintiff sued Chipotle Mexican Grill Colorado, LLC contending that she became ill after she was allegedly sold food contaminated with salmonella by a Chipotle location in Newark, New Jersey. *Id.* at *1. Plaintiff attempted to serve the summons and complaint on a

5

Chipotle employee at the Newark location. *Id.* Chipotle removed the case more than thirty days after the complaint was allegedly served, and Plaintiff moved to remand, contending that the removal was untimely, pursuant to 28 U.S.C. § 1446(b)(1). Relying on *Jameson*, the court, in *Young*, found that the plaintiff's delivery of the summons and complaint to a Newark employee was ineffective service under Rule 4:4-4(a)(6) because the plaintiff failed to establish the employee was an "officer, director ... managing or general agent" of Chipotle and failed to "satisfy her burden of demonstrating that [the employee] had 'specific authority, express or implied, for the receipt of service of process' on Defendant's behalf." *Id.* at *5. Accordingly, because service was ineffective, the Court concluded that the thirty-day removal period in Section 1446(b)(1) "never commenced," and the removal was timely. *Id.*

The same is true here. The Court finds that Plaintiff has not submitted any evidence establishing that Mr. Bagot was an "officer, director ... managing or general agent" of Home Depot. *See* N.J. Ct. R. 4:4-4(a)(6). Plaintiff merely states that Mr. Bagot was the manager at the store where Plaintiff fell, voluntarily accepted service, and "presumably forwarded the Summons and Complaint along to the appropriate individuals." (ECF No. 9 at 2). A presumption is not proof. And it does not satisfy Plaintiff's burden of demonstrating that Mr. Bagot had "specific authority, express or implied, for the receipt of service of process" on Home Depot's behalf. *Jameson*, 363 N.J. Super. at 428; *see also Sharp*, 153 F. Supp. 3d at 677 n.5. Further, Plaintiff has made no showing that Mr. Bagot was so "sufficiently integrated" within Home Depot so as to justify serving him with the summons and complaint. *See Jameson*, 363 N.J. Super. at 428.

Based on the above, this Court finds that Plaintiff did not effectively serve Home Depot with the Complaint, and thus the 30-day removal period set forth in 28 U.S.C. 1446(b)(1) never commenced. *See Young*, 2023 WL 5155910, at *4-5. As a result, Home Depot's removal was

6

timely, and there is no basis to remand the case.[1]

IV.   **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the motion to remand be **DENIED**. The parties are advised that, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Civil Rule 72.1(c)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Esther Salas, U.S.D.J.

s/Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

Dated: April 10, 2024

cc:   Hon. Esther Salas, U.S.D.J.

---

[1] While Plaintiff mentions that default was entered against Home Depot in state court, she does not appear to contend that the default is a basis for remand or otherwise makes Home Depot's removal improper. (*See* ECF No, 6 at 2, ECF No. 9 at 1). Nevertheless, even if Plaintiff did rely on the default as a basis for remand, the Court would reject the argument, as default was not properly entered based on the ineffective service of process. *See Young*, 2023 WL 5155910, at *5 (rejecting state court default as a basis for remand, finding it a "nullity" due to ineffective service of process).