**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

May 20, 2024

**<u>LETTER ORDER</u>**

Re: *McKnight v. Home Depot USA, Inc.*
    <u>Civil Action No. 23-23127 (ES) (JSA)</u>

Dear Counsel:

    On September 5, 2023, Plaintiff, Bessie McKnight, filed a Complaint in New Jersey State Court against Defendant, Home Depot USA, Inc., for negligence "in failing to place its store pallets at a safe floor location, displaying its merchandise in a reasonable and safe manner to prevent customers from being exposed to tripping hazards, inspecting and maintaining customer walkway locations and otherwise preventing and warning of dangerous and hazardous conditions," all of which allegedly resulted in "severe personal injury" to Plaintiff. (D.E. No. 1-2 ¶ 4). On December 15, 2023, Defendant removed the matter to this Court alleging federal diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441(b). (D.E. Nos. 1 & 1-1). On January 2, 2024, Plaintiff filed a letter to the Court, asserting that Defendant's removal to federal court was untimely, pursuant to 28 U.S.C. § 1446(b)(1), because removal occurred more than thirty days after Defendant was served on September 9, 2023. (D.E. No. 6). Additionally, Plaintiff requested that the matter be remanded to state court. (*Id.*). On January 8, 2024, Defendant submitted a response, contending that Plaintiff failed to properly serve the Complaint pursuant to New Jersey Court Rule 4:4-4. (D.E. No. 7). Defendant further argued that its removal was timely because it was done within thirty days of November 28, 2023, the date Defendant became aware of the case. (*Id.*).

    On January 17, 2024, the Honorable Jessica S. Allen, U.S.M.J. entered an Order providing Plaintiff an opportunity to file supplemental briefing to her remand application on or before January 24, 2024, and similarly providing Defendant an opportunity to submit any supplemental response by January 31, 2024. (D.E. No. 8). The Parties complied and submitted supplemental briefing. (D.E. Nos. 9 & 10).

    On April 10, 2024, Judge Allen issued a Report and Recommendation recommending that the Court deny Plaintiff's Motion to Remand. (D.E. No. 11 ("Report and Recommendation" or "R&R")). Judge Allen provided the Parties fourteen days to file and serve objections to the R&R pursuant to Local Civil Rule 72.1(c)(2). (*Id.*). The Parties did not file any objections.

Having reviewed Judge Allen's Report and Recommendation in full, and for the reasons stated therein,

**IT IS** on this 20th day of May 2024,

**ORDERED** that the Court **ADOPT** Judge Allen's Report and Recommendation (D.E. No. 11) in full; and it is further

**ORDERED** that Plaintiff's Motion to Remand (D.E. No. 6) is **DENIED**.

<u>s/ Esther Salas</u><br>
**Esther Salas, U.S.D.J.**